## Case No. 15,399.

### UNITED STATES v. HOWARD.

[See Case No. 3,393.]

## Case No. 15,400.

### UNITED STATES v. HOWARD.

[7 Biss. 56.] [1]

Circuit Court, E. D. Wisconsin. May, 1875.

INDICTMENT FOR UNLAWFULLY WITHHOLDING PENSION—REV. ST. § 5485—AGENCY—WHAT CONSTITUTES.

1. In order to convict under this section [Rev. St. § 5485], it must be shown by the evidence: 1st. That the person from whom it is alleged that the whole or any part of a pension is wrongfully withheld is a pensioner of the United States. 2d. That the amount alleged to be wrongfully withheld is the whole or part of a pension or claim allowed and due such pensioner or claimant. 3d. That the person charged with the wrongful withholding was an agent or attorney of the pensioner, instrumental in prosecuting the pensioner's claim for pension, or if not an agent or attorney, was a person through whose instrumentality the claim was prosecuted. 4th. That the whole or part of the pension claim allowed and due such pensioner or claimant, was wrongfully withheld from the pensioner or claimant, by such agent or attorney, or other person instrumental in prosecuting the claim for pension.

2. The mere fact that a banker or other person agrees to collect a check paid to a pensioner by a pension agent, does not thereby make him an agent for the prosecution of the claim for the pension, but only an ordinary agent for the collection of the check, and if the pensioner accepts a certificate of deposit, in lieu of the check of a pension agent, the ordinary relation of debtor and creditor is created.

Levi Hubbell, for the United States.
W. B. Felker, for defendant.

DYER, District Judge (charging jury). It is provided by statute of the United States that "any agent or attorney or any other person instrumental in prosecuting any claim for pension * * * who shall wrongfully withhold from a pensioner or claimant, the whole or any part of the pension or claim allowed, and due, such pensioner or claimant shall be deemed guilty of a high misdemeanor." Rev. St. U. S. § 5485.

The indictment in this case is based upon this provision, and charges that on the 1st day of February, 1874, the defendant, Asaph H. Howard, was the agent of Mary F. Tucker, who was a pensioner of the United States, and entitled to receive from the United States a pension of $518.80; that the defendant undertook to be instrumental for said Mary F. Tucker in prosecuting her claim for said pension and collecting the same for her, and did prosecute her claim and collect and receive said pension for her; and thereupon wrongfully withheld said pension from her; and still so wrongfully withholds the same.

The gist of the offense made punishable by this statute, so far as I have brought the statute to your attention, lies in the wrongful withholding from a pensioner or claimant of the whole or any part of a pension or claim allowed and due such pensioner or claimant, by an agent or attorney, or any other person instrumental in prosecuting a claim for such pension.

To obtain a conviction under this statute, it must be shown: 1st. That the person from whom it is alleged that the whole or any part of a pension is wrongfully withheld, is a pensioner of the United States. 2d. That the amount alleged to be wrongfully withheld is the whole or part of a pension or claim allowed and due such pensioner or claimant. 3d. That the person charged with the wrongful withholding was an agent or attorney of the pensioner, instrumental in prosecuting the pensioner's claim for pension, or if not an agent or attorney, was a person through whose instrumentality the claim was prosecuted. 4th. That the whole or part of the pension or claim allowed and due such pensioner or claimant, was wrongfully withheld from the pensioner or claimant, by such agent or attorney, or other person instrumental in prosecuting the claim for pension.

It is claimed on the part of the prosecution, that the defendant Howard was the agent of the pensioner Mary F. Tucker, and as such agent undertook to be instrumental for the pensioner in prosecuting her claim for this pension and collecting the same; and did prosecute the claim and collected and received the pension and has wrongfully withheld it.

It is however claimed on the part of the defendant that Mrs. Tucker had received from the United States pension agent, a check for the amount due her, namely, $518.80 and placed the check in the hands of defendant, taking from him in lieu thereof a certificate of deposit for the amount, less $18.80, paid to her by him at the time, and that the certificate of deposit was accepted by Mrs. Tucker in place of the check and as representing the proceeds of the check deposited in defendant's bank. If you find from the evidence, that Mrs. Tucker exchanged the check on the Milwaukee bank which she had received from the pension agent, for a certificate of deposit, and took from the defendant such certificate, knowing it was a certificate of deposit, and accepting it as a substitute for the check, thereby intending as a depositor to rely upon the personal responsibility of the defendant or his bank, and so did not constitute him her agent for the prosecution of a claim for pension and for the collection of the same, there can be no conviction, because in that case the essential element of criminal intent would be wanting. If in the transaction Mrs. Tucker made herself the voluntary depositor of this check with defendant, and knowingly accepted an obligation to repay to her the amount of it, intending to trust to the credit of defendant or his bank and to look to him or the bank

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

as the depository of her money, and not as an agent or person prosecuting her claim for pension and collecting it, then there was created the ordinary relation of debtor and creditor, and a criminal prosecution under this statute cannot be sustained.

The jury, after deliberation upon the case, requested further instructions, and were instructed as follows:

An agent is a person authorized by another person known as a principal, to transact his principal's business, or to do one or more special things for his principal. To constitute an agency in this case on the part of the defendant, it must be made to appear from the evidence, that the defendant was authorized and empowered by Mary F. Tucker to prosecute her claim for pension; and in order to convict the defendant upon this indictment it must be snown beyond reasonable doubt, that the defendant, while acting as such agent in the prosecution of her claim, has wrongfully withheld from the pensioner the whole or part of this pension. If you find and believe, from all the evidence in this case, that Mrs. Mary F. Tucker, did ask the defendant to take from her and collect the money on the check which has been exhibited here in court, and if the defendant did take the check from her and agree to collect it for her, he thereby became her agent for the collection of the check. But the mere fact that he might thereby become her agent for the collection of the check, did not constitute him her agent for the prosecution of her claim for a pension. If, therefore, you find from the evidence that the defendant was merely the agent of Mary F. Tucker for the collection of the check which she had received from the United States pension agent, and was not her agent for the prosecution of her claim for a pension, there can be no conviction upon this indictment.

Verdict, not guilty.